UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

|  |  |  |
|---|---|---|
| LESTER MILLER, GARY BECHTEL, AND BRENDA SUTTON, | : : : : : | |
| Plaintiffs, | : : : | CIVIL ACTION FILE NO.:    5:12-CV-239 |
| v. | : : : | |
| THE BIBB COUNTY SCHOOL DISTRICT;  MACON-BIBB COUNTY BOARD OF ELECTIONS AND VOTER REGISTRATION; and ELAINE CARR, in her official capacity as Executive Director of the Bibb County Board of Elections and Voter Registration, | : : : : : : : : : : | EMERGENCY RELIEF REQUESTED |
| Defendants. | : : | |

## VERIFIED COMPLAINT FOR
## DECLARATORY, INJUNCTIVE, AND OTHER RELIEF

COME NOW Lester Miller, Gary Bechtel and Brenda Sutton, the Plaintiffs

in the above styled civil action ("Plaintiffs), and submit this Verified Complaint for

Declaratory, Injunctive and other Relief ("Complaint"), based on the following

allegations:

## **Nature of the Case**

1.

This is an action challenging the constitutionality of the malapportioned voting districts ("BOE Districts") currently in use by the School District ("District") for election of six (6) of the eight (8) members of the Bibb County Board of Education. ("Board").

2.

The BOE Districts currently in use are so disproportionate in population that they violate the principle of "one person, one vote".  The District's decision to continue to use such districts is unconstitutional.

3.

Moreover, the BOE Districts that Defendants are attempting to implement are nugatory, as they have been repealed by the Georgia General Assembly and replaced by Districts that were constitutionally redrawn after the 2010 census.  In addition, the use of the BOE Districts constitutes a violation of the Voting Rights Act of 1965, as amended ("VRA") (42 U.S.C. § 1973) since the BOE Districts no longer legally exist having been replaced by H.B. 963 ("H.B. 963"), an act of the General Assembly which redrew all six (6) BOE Districts so to equally reapportion the population in each as reported by the 2010 census.

4.

The new redistricting plan was precleared by the United States Department of Justice ("DOJ") under Section 4 of the VRA on June 12, 2012.

5.

Plaintiffs seek a declaratory judgment holding the BOE Districts to be malapportioned and an injunction prohibiting their use in future elections, including the upcoming election.  Plaintiffs request that declaratory and injunctive relief enjoin any use of the malapportioned and repealed BOE Districts, including a prohibition against further elections being conducted where voters are assigned to the malapportioned BOE Districts, or use of said districts for either candidate qualification or in any election, and further order Defendants to use H.B. 963, the redistricting plan enacted by the 2012 General Assembly and precleared by the DOJ.

**Statement of Jurisdiction**

6.

This action is brought under 42 U.S.C. §§ 1983 and 1973.  This action seeks relief pursuant to Article 4, § 2, the Fourteenth Amendment to the Constitution of the United States and Article I, § I, ¶ II of the Constitution of the State of Georgia

("Constitution") and Section 5 of the Voting Rights Act of 1965 as amended (42 U.S.C. § 1973c).

7.

This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and (4), and 2201.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).  Defendants all reside and/or function as entities within the Middle District of Georgia and are subject to personal jurisdiction in this Court.

8.

Plaintiffs have complied with the provisions of O.C.G.A. § 21-2-32(g) by providing a copy of this Complaint to the Chair of the Georgia State Election Board via certified mail.

**Parties**

9.

Plaintiff Lester Miller ("Miller") is a resident and elector of Bibb County, Georgia, and a candidate for election to the Board as the representative of District 4.  Miller resides at 8751 Eisenhower Parkway, Lizella, Georgia.  Miller votes in BOE District 4.  He desires and intends to participate in the electoral and political processes of Bibb County, including the 2012 Board elections both as a candidate and elector on the basis of representational equality with other citizens of Bibb

County without having his voting strength diluted or debased through the use of the malapportioned BOE Districts used to qualify candidates for six of the eight seats on the Bibb BOE or in the actual election.  The disproportionate population of the current districts adversely affects all Plaintiffs, including Miller, as well as all of the voters of Bibb County, and deprive them of their statutory rights under the VRA and their constitutional rights under the Fourteenth Amendment.

10.

Plaintiff Gary Bechtel ("Bechtel") is a resident and elector of Bibb County, Georgia ("Bibb County") and a current member of the Board representing District 6.  Bechtel resides at 667 Montclaire Drive, Macon, Georgia.   Bechtel votes in BOE District 6.  He desires and intends to participate in the electoral and political processes of Bibb County, including the 2012 Board elections as an elector on the basis of representational equality with other citizens of Bibb County, and not to have either his constituents or his own voting strength diluted or debased through the use of malapportioned BOE Districts which were used to qualify candidates for six of the eight seats on the Board or in the actual election.  The disproportionate populating of the current districts adversely affects all Plaintiffs,  including Bechtel, as well as all voters of Bibb County thereby depriving them of their statutory and constitutional rights under the Fourteenth Amendment.

11.

Plaintiff Brenda Sutton ("Sutton") is a resident and elector of Bibb County, Georgia residing at 1261 Twin Pines Drive, Macon, and Georgia.  Sutton votes in BOE District 1.  She desires and intends to participate in the electoral and political processes of Bibb County, including the 2012 Board election on the basis of representational equality with other citizens of Bibb County without having her voting strength diluted or debased through the use of the existing BOE Districts used to qualify candidates for six of the eight seats on the Board or in the actual election.  The disproportionate population of the current districts adversely affects all Plaintiffs, including Sutton, as well as all of the voters of Bibb County, and deprive them of their statutory rights under the VRA and their constitutional rights under the Fourteenth Amendment.

12.

Defendant Elaine Carr is the current Executive Director of the Macon–Bibb County Board of Elections located at 2445 Pio Nono Avenue, Macon, Georgia, 31206.  Said Defendant is subject to the jurisdiction of this Court.

13.

Defendant Macon–Bibb County Board of Elections ("Elections Board ") is the Elections Superintendant for Macon – Bibb County, Georgia.  As such, the

Elections Board is responsible for conducting all City, County and state-wide elections in Bibb County.  The Elections Board has the lawful duty to receive notices of candidacy and qualifying fees from candidates seeking election to the Bibb BOE, prepare and publish all notices and advertisements in connection with the conduct of elections, transmit to the Secretary of State a copy of any publication in which a call for an election is issued, prepare, equip and furnish all polling places, count all ballots, and certify the results of all elections as prescribed by law.

14.

Defendant Bibb County School District (the "District"), is a body corporate having its principal place of business in Bibb County, Georgia.  The School District has the authority to be sued.  The School District and the school system operated within its geographical boundaries are under the management and control of the Board of Public Education for Bibb County.  The District is subject to the jurisdiction of this Court.

15.

Defendant Carr and the Elections Board are sued in their official capacities to redress wrongful actions taken in their official capacities under color of state law. They are named as party Defendants for the purpose of enjoining them from

(a) approving any candidate qualifications for candidates for the Board under the old districting plan and (b) conducting elections in the BOE Districts unless and until H.B. 963, the 2012 redistricting plan, ("H.B. 963") as precleared by the DOJ, is implemented. Because the BOE Districts are in violation of the Constitution's mandate of "one person, one vote" and Section 5 of the VRA, Defendants' actions with respect to the conduct of elections using the BOE Districts are outside the scope of their lawful authority and must be enjoined.

**Facts**

16.

Elections for the Board use six voting districts which divide Bibb County into six geographic districts that, *in toto*, comprise the entire County.  Two additional members are elected at-large by the County voters. The General Primary election for the Bibb BOE is scheduled for July 31, 2012, with the last date for registration being July 2, 2012.  Advance voting is to start July 9 and end on July 26.  One day Saturday voting is to occur on July 21, 2012.  A run off election date is set for August 21, 2012.

17.

There have been material population shifts over the past decade within the six BOE Districts, as evidenced by the 2010 decennial census.  As a result,

population included in each of the six BOE Districts is presently malapportioned. *See* Exhibit A.

18.

The shifts in populations following the 2010 Decennial Census required the redistricting of the BOE Districts so that each of the six districts would have population that is as nearly equal as practicable. As a result, the six Bibb BOE Districts were reapportioned after the 2010 census by an act of the General Assembly ("H.B. 963"). *See* Exhibit B.

19.

The BOE Districts, as configured prior to H.B. 963, are accurately represented by Exhibit A. Based on the 2010 census, the BOE Districts contain the populations set forth in Exhibit A-1. Properly apportioned, each district should have 25,925 persons assigned to it. Yet, the total overall population deviation is 20.5% with the least populated BOE District being district 2 (22,387) and the most populated being BOE District 4 (29,465); an absolute deviation of 7,074 persons population. Exhibit A-1.

20.

The Defendant District sought reapportionment of the BOE Districts during the 2012 session of the General Assembly.  In Georgia, only the General Assembly can reapportion the BOE Districts during either a regular or special session.

21.

The Georgia Legislative and Congressional Reapportionment Office of the Georgia Assembly prepared H.B. 963 and the summary of the population of each district for submission to the DOJ for Section 5 preclearance.  H.B. 963 is attached as Exhibit B.  The map and a summary of the data compilation is attached hereto and incorporated herein as Exhibit C.

22.

In addition to the minimal population deviations, H.B. 963 maintained and preserved existing communities of interest within each BOE District, and provided compact districts which comport with traditional districting principles.

23.

Unfortunately for the voters and citizens of Bibb County, the Defendants initially failed to submit to the DOJ the correct map reflecting the new redistricting plan passed by the General Assembly.  Instead, the District sent the DOJ one of its proposals the District sent to the Bibb County delegation during the 2012 session.

24.

It was not until April 30, 2012, that this error was corrected and the correct redistricting plan contained in H.B. 963 was submitted to the DOJ for Section 5 preclearance.

25.

Preclearance was forthcoming on June 12, 2012.

26.

Qualifying for the elections for the Bibb BOE was held May 23 through 25, 2012. The Elections Board and Carr improperly permitted candidate qualifying using the malapportioned and unconstitutional BOE Districts.

27.

Primary elections are scheduled for July 31, 2012. Absent the relief sought herein, Defendants will conduct elections using the same malapportioned BOE Districts used for candidate qualification, despite the fact said BOE Districts no longer exist, having been repealed and replaced by H.B. 963 which was precleared by the DOJ on June 12, 2012. Exhibit D.

28.

Unless new district boundary lines established by H.B. 963 are implemented, the upcoming elections will use unconstitutionally malapportioned districts that no longer exist.

29.

Use of the present districts with their gross imbalance in population is so irrational on its face that its natural result will be to deprive voters of the benefit of the one person – one vote principle, as the BOE Districts in use treats voters unequally, in contravention of the Equal Protection Clause and the one person, one vote principle.

30.

A genuine controversy exists between Plaintiffs and Defendants as to the matters asserted herein.  Plaintiffs have no adequate remedy at law and no other way to guarantee his rights in connection with the upcoming election of the Board members, other than through the relief sought in this Complaint.  Plaintiffs will suffer irreparable harm if candidate qualifying and the election are allowed to proceed under the former district boundary lines, and the injury will continue until the use of the BOE Districts in any aspect of the electoral process is declared to be unconstitutional and in violation of Section 5 of the VRA and their use

1    permanently enjoined by this Court.

2

3    **COUNT ONE: VIOLATION OF EQUAL PROTECTION**

4    31.

5

6    Plaintiffs incorporate by reference all previous allegations contained in this

7    Complaint.

8

9    32.

10    Article 4, § 2 of the United States Constitution provides that "The citizens of

11    each state shall be entitled to all privileges and immunities of citizens in the several

12

13    states."  Pursuant to this and other provisions of the United States Constitution, the

14    right to vote is a fundamental right guaranteed to U.S. citizens.

15    33.

16

17    The Fourteenth Amendment to the United States Constitution, § 1, provides:

18    "No state shall make or enforce any law which shall abridge the privileges or

19

20    immunities of citizens of the United States; nor shall any state deprive any person

21    of life, liberty, or property, without due process of law; nor deny to any person

22

23    within its jurisdiction the equal protection of the laws."

24    34.

25

26    Under the Fourteenth Amendment, it is unlawful for a state to create districts

27    for public office with a gross imbalance in population.

28

35.

42 U.S.C. § 1983 provides, in relevant part, as follows:

> Every person who, under color of any statue, ordinance,
> regulation, custom, or usage, of any State or Territory of
> the District of Columbia, subjects, or causes to be
> subjected any citizen of the United States or other
> person within the jurisdiction thereof to the deprivation
> of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured
> in an action at law, suit in equity, or other proper
> proceeding for redress. . . .

36.

Defendants are "person[s]" and Plaintiffs are all "citizens of the United States" within the meaning of 42 U.S.C. § 1983.

37.

Plaintiffs intend and desire to participate in the electoral and political processes of Bibb County on the basis of equality with other citizens of Bibb County, including the 2012 Bibb BOE County elections.

38.

Plaintiffs' constitutional right to such equality, namely their voting strength, has been diluted and debased by Defendants, acting under color of state law, through the use of the existing system of malapportioned districts by which members of the Bibb BOE are elected.

39.

The current system of malapportioned districts deprives Plaintiffs of their rights because it creates a disparity of opportunity among constituents residing in Bibb County for purposes of voting in Board elections solely on the basis of their geographical location within the County, in violation of the "one person, one vote" principle of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

40.

This deprivation of Plaintiffs rights are the direct result of the failures of the Defendants to timely submit H.B. 963 for preclearance, and the failure of the Defendants Carr and the Elections Board to render proper and correct advice to the Board as to candidate qualification and allowing the use of the malapportioned BOE Districts in the election cycle.

41.

The use of the former malapportioned BOE Districts is an attempt by Defendants to conduct an unconstitutional election so to cover up the errors that resulted in submission of an incorrect districting plan to the DOJ for preclearance and the subsequent delay in obtaining preclearance caused by the negligence of the Bibb BOE and its agents.

1

42.

2

There is no adequate remedy at law for the irreparable harm Plaintiffs will

3

4

suffer through continued use of the districts currently employed by Bibb County to

5

elect the Bibb BOE.  Those malapportioned districts unconstitutionally abridge the

6

voting rights of Plaintiffs, therefore, their use to qualify candidates for the Bibb

7

8

BOE and/or to conduct elections of candidates for the Board should be enjoined.

9

43.

10

11

Accordingly, Plaintiffs are entitled to permanent injunctive and declaratory

12

relief declaring the current malapportioned BOE Districts both unconstitutional

13

14

and in violation of Section 5 of the VRA and enjoining the qualification of

15

candidates for and election of members to the Board until those districts are

16

17

reapportioned in a manner that does not violate the Fourteenth Amendment to the

18

United States Constitution, as has bee done by the now precleared 2012 Act.

19

20

**COUNT TWO: VIOLATION OF GEORGIA CONSTITUTION AND STATUTES**

21

22

44.

23

24

Plaintiffs incorporate by reference all previous paragraphs and allegations

25

contained in the Complaint.

26

27

28

45.

The BOE District lines, as currently drawn, perpetuate significant population variances between commission districts and, in so doing, treat voters unequally, in violation of Article I, § I, ¶ II of the 1983 Constitution of the State of Georgia.

46.

Further use of the repealed BOE Districts, which have been superseded by duly enacted H.B. 963, violates Georgia statutory and constitutional requirements.

**COUNT THREE: VIOLATION OF VRA, § 5**

47.

Plaintiffs incorporate by reference all previous paragraph and allegations contained in the Complaint.

48.

The passage of H.B. 963, once said enactment an Act of the Georgia General Assembly was precleared by the DOJ, forever repealed and invalidated the former Bibb BOE Districts.  As of June 12, 2012, the date the preclearance was provided by the DOJ for the H.B. 963, the former Bibb BOE Districts ceased to exist if any legal form or fashion and cannot be used in any future elections under § 5 of the VRA.  *Id.*

49.

Candidate qualifying must proceed based on the configuration of the voting districts that will be used in the election for which an elector seeks to be a candidate.

50.

BOE Districts in the candidate qualification process and in proposing to use the former BOE Districts in the upcoming election.

**WHEREFORE**, Plaintiff respectfully prays that this Court grant the following relief:

A)   Assume jurisdiction of this case;

B)    Enter a declaratory judgment holding that the continued use of the malapportioned districts currently employed by Defendants for candidate qualification and the election of  the six members of the Board violates the Equal Protection clause of the Fourteenth Amendment to the United States Constitution, the Constitution of the State of Georgia and 42 U.S.C. § 1983;

C)   Enjoin the qualification of candidates for and election of members to the Board until the malapportioned BOE districts are reapportioned in a manner that does not violate the Fourteenth Amendment to the United States Constitution

or the Georgia Constitution and 42 U.S.C. § 1983, which requires the Court to

order immediate implementation of the 2012 Act for use in the candidate

qualification and the 2012 election;

D)    Award Plaintiffs the costs and attorney's fees of this action pursuant

to 42 U.S.C. § 1988 and the VRA; and

F)    Award Plaintiffs all other relief which the Court deems necessary and

proper.

Respectfully submitted this June 26th, 2012.

/s/ A. Lee Parks
A. Lee Parks
Georgia Bar No. 563750
lparks@pcwlawfirm.com
David F. Walbert
Georgia Bar No. 730450
dwalbert@pcwlawfirm.com

**PARKS, CHESIN & WALBERT, P.C.**
75 Fourteenth Street, 26th Floor
Atlanta, GA 30309
(404) 873-8000 Telephone
(404) 873-8050 Facsimile

**[Signatures continue on following page]**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

/s/ Charles E. Cox, Jr.
Charles E. Cox, Jr.
Georgia Bar No. 192305
charles@cecoxjr.com

**CHARLES E. COX, JR.**
3464 Vineville Avenue
Macon, GA  31204
(478) 757-2990 Telephone
(478) 757-2991 Facsimile
**Counsel for Plaintiffs**

## **VERIFICATION**

I, Gary Bechtel, make this verification under oath and state that I am one of the Plaintiffs in this matter; that I have read the foregoing Verified Complaint for Declaratory, Injunctive and other Relief and that I hereby verify that the allegations of fact contained in said Complaint are true and correct and that the Plaintiffs in this action will suffer irreparable injury if the injunctive relief requested is not granted.

This ___26th___ day of June, 2012.

_____
Gary Bechtel

Sworn to and subscribed before me
this __26th__ day of __June__, 2012.
_____
NOTARY PUBLIC
My Commission Expires: 9-6-2015



## **VERIFICATION**

I, Lester Miller, make this verification under oath and state that I am one of the Plaintiffs in this matter; that I have read the foregoing Verified Complaint for Declaratory, Injunctive and other Relief and that I hereby verify that the allegations of fact contained in said Complaint are true and correct and that the Plaintiffs in this action will suffer irreparable injury if the injunctive relief requested is not granted.

This ___26th___ day of June, 2012.

_____
Lester Miller

Sworn to and subscribed before me
this __24th__ day of __June__, 2012.
_____
NOTARY PUBLIC
My Commission Expires: __9-6-2015__



## **VERIFICATION**

I, Brenda Sutton, make this verification under oath and state that I am one of the Plaintiffs in this matter; that I have read the foregoing Verified Complaint for Declaratory, Injunctive and other Relief and that I hereby verify that the allegations of fact contained in said Complaint are true and correct and that the Plaintiffs in this action will suffer irreparable injury if the injunctive relief requested is not granted.

This ___24th___ day of June, 2012.

_Brenda Sutton_
Brenda Sutton

Sworn to and subscribed before me
this __24th__ day of __June__, 2012.
_Sherry Hodges_
NOTARY PUBLIC
My Commission Expires: _9-6-2015_

