UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| LESTER MILLER, GARY BECHTEL, and BRENDA SUTTON,<br><br>Plaintiffs,<br><br>v.<br><br>BIBB COUNTY SCHOOL DISTRICT; MACON-BIBB COUNTY BOARD OF ELECTIONS AND VOTER REGISTRATION; and ELAINE CARR, in her official capacity as Executive Director of the Bibb County Board of Elections and Voter Registration,<br><br>Defendants. | CIVIL ACTION FILE<br>NO.: 5:12-cv-239-HL |

## **PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR INJUNCTIVE RELIEF**

This Memorandum of Law is submitted by Plaintiffs in support of their motion for emergency, as well as interlocutory and final injunctive relief to prevent the use of the malapportioned voting districts now in place for the Bibb County Board of Education ("Board").

1. **INTRODUCTION**

This case comes before the Court in a unique position. Not only are Defendants proceeding in an effort to enforce an admittedly unconstitutional redistricting scheme – one that clearly violates the one-person/one-vote requirement of the Fourteenth Amendment – they are seeking to administer a statute that, literally, has been repealed by operation of law, and has no vitality whatsoever under Georgia law. That is because the General Assembly has already enacted legislation that replaced the old law with a constitutional districting scheme. Upon the new law, H.B. 963, being enacted, signed by the Governor, and precleared by the Department of Justice under Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c, the old law was ***absolutely repealed***. As the present law explicitly states, "all laws and parts of laws in conflict with this Act are repealed." H.B. 963, Section 5. **See EXHIBIT B to Complaint**.

Moreover, because H.B. 963 has been precleared by the Department of Justice under Section 5 of the Voting Rights Act, any effort now by local officials to revert the election districts for the Board of Education of Bibb County to any other system would itself violate Section 5. Election officials do not have the right, under federal law, to disregard Section 5 preclearance actions of the United States Attorney General, or to pick and choose which ones they will obey.

Moreover, the use of the repealed plan would be retrogressive as an overlay of the 2010 census results on the repealed district lines would result in a reduction of African American voting strength in Districts 2 and 6.

Typical voting rights cases come before the Court on claims of malapportionment or the alleged failure to comply with one provision or another of the federal Voting Rights Act.  The instant case stands out for the brazenness of the efforts by local officials to ignore *both* state and federal law, all because they erred in the timely submission of H.B. 963 to the Department of Justice for Section 5 review and preclearance.  Here, local officials are disregarding the applicable Georgia law and seeking to administer a previous statute that has been ***expressly*** repealed.  Secondly, they are seeking to administer an old law that unquestionably violates the one-person/one-vote requirement of the Fourteenth Amendment.  And last but not least, these same officials are seeking to ignore the command of Section 5 of the Voting Rights Act ("VRA"), and replace a precleared plan with a repealed plan that is retrogressive.

This trifecta of legal violations, both constitutional and statutory, is unparalleled in the annals of voting rights litigation.  An immediate injunction is warranted, with appropriate equitable relief to ensure that elections are promptly

and legally conducted under the law that has been enacted by the General Assembly and precleared by the United States Attorney General under the VRA.

## II. FACTS

It is undisputed that the current six voting districts used to elect six of the eight members of the Board are currently malapportioned. **See EXHIBITS A and A-1 to Complaint**. It is equally undisputed that the law Defendants seek to enforce <u>has</u> <u>been</u> <u>repealed</u>.

The relief due the Plaintiffs is mandatory as the Fourteenth Amendment to the United States Constitution does not prove any leniency when it comes to malapportioned voting districts. Neither does the VRA permit local officials to disregard the decisions of the Attorney General acting under Section 5 of that Act. The Defendants do not contest the operative fact: the former voting districts, used for candidate qualification (May 23-25, 2012) and which Defendants propose to use in the upcoming election, are unconstitutional due to their admitted malapportionment. Moreover, Defendants do not dispute the fact the 2012 General Assembly passed local legislation in the form of H.B. 963 effecting a redraw of the Bibb County Board of Education ("Bibb BOE") districting plan which properly apportioned the population growth reported by the 2012 census between the six (6)

voting districts.  And the 2012 legislation has been precleared under the VRA.  **See Complaint EXHIBIT C for map and population statistics of 2012 plan.**

Even before passage of the Voting Rights Act, Associate Justice Hugo Black identified the right to vote as one of the paramount rights of the citizens of the United States.  As Justice Black put it, "No right is more precious in a free country than that of having a voice in the election of those make the laws under which, as good citizens, we must live.  Other rights, even the most basic, are illusory if the right to vote is undermined."  <u>Wesbury v. Sanders</u>, 376 U.S. 1, 17-18 (1964).  These exact words were echoed by Judge Julie Carnes in <u>Smith/Perry v. Cobb County Board of Elections and Registrations, et al.</u> 314 F.Supp.2d 1274, 1284 (N.D. Ga. 2000).  Upon signing the Voting Rights Act in 1965, President Johnson echoed this view declaring that the right to vote is the "basic right without which all others are meaningless."  Our republican form of government provides everyday citizens an opportunity to influence who represents their interests in all local, county, state and federal governments.  This is one of the key recognitions that all governmental authority in this nation flows from the people ensuring that a "government of the people, by the people, for the people, shall not perish from the earth."  This fundamental right to vote is the key to sustaining our freedom by perpetuating a truly democratic form of government.

Plaintiffs have two goals in filing this Complaint for Declaratory and Injunctive Relief. First and foremost, is to ensure that their constitutional rights, as well as those of all citizens of Bibb County, are respected. Second, and compelling in these trying economic times, is that the upcoming elections occur within the context of the current schedule hopefully to avoid added costs to the taxpayers of Bibb County for a special election.

A.  **Law Applicable to Redistricting**

**(1.)   One-Person, One-Vote**

**The Old Bibb BOE Districts Violate the One-Person, One-Vote**

The right to vote freely for the candidate of one's choice is at the essence of a democratic society, and any restrictions on that right strike at the heart of representative government. And the right of suffrage can be denied by a debasement or dilution of the weight of a citizen's vote just as effectively as by wholly prohibiting the free exercise of the franchise. Wesbury v. Sanders, 376 U.S. 1, 17-18 (1964).

To insure the integrity of this fundamental principle, the Supreme Court has long held that the Fourteenth Amendment's guarantee of equal protection under the law requires that states ensure that every citizen's vote is given equal weight to that of every other citizen in elections for state legislators. This ruling has become

known as the "one-person, one-vote" principle. *Reynolds v. Sims,* 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964).

The Court extended the principle of "one-person, one-vote" to elections for county and local government officials. *Avery v. Midland County, Texas,* 390 U.S. 474, 88 S.Ct. 1114, 10 L.Ed.2d 45 (1968). Under the Equal Protection Clause of the Fourteenth Amendment, states and local governments must provide each qualified voter with an equal opportunity to participate in any election in which persons are selected by popular vote to perform governmental functions. *Hadley v. Junior College Dist.*, 397 U.S. 50, 56, 90 S.Ct. 791, 25 L.Ed.2d 45 (1970). In order to ensure that all votes are given equal weight, when members of an elected body are chosen by popular vote from separate districts, each district must be established so that equal numbers of voters can vote for proportionally equal numbers of officials. *Id.* Because the members of the School Board are elected by the people of Bibb County to perform governmental functions, the Fourteenth Amendment requires that the State of Georgia establish voting districts for the Board that have substantially equal numbers of voters in each district in order to comply with the "one-person, one-vote" principle.

In the instant action, it is undisputed that the geographic boundaries for the old Bibb BOE districts are not drawn so that equal numbers of voters will be

voting for proportionally equal number of officials. The results of the 2010 Census indicate that there are significant disparities in the populations for the six Bibb BOE districts.

Although the Supreme Court has not established an absolute "cut-off" for the maximum overall deviation that an apportionment plan may have before it violates the Fourteenth Amendment, the Court has held that any deviation in state or local legislative apportionment plans smaller than 10% overall is considered *de minimis* and is thus consistent with the requirements of the constitution; any deviation greater than 10%, however, must be justified by the state on the grounds that the deviation is necessary to further rational state policies, such as preserving the integrity of political subdivision lines. *See Voinovich v. Quilter,* 507 U.S. 146, 161, 113 S.Ct. 1149, 122 L.Ed.2d 500 (1993); *Brown v. Thomson,* 462 U.S. 835 842-843, 103 S.Ct. 2690, 77 L.Ed.2d 214 (1983; *Connor v. Finch,* 431 U.S. 407, 418, 97 S.Ct. 1828, 52 L.Ed.2d 465 (1977).

Finally, the Section 5 preclearance requirement is clearly applicable as Georgia is a covered jurisdiction. *Georgia v. United States*, 411 U.S. 526 (1973); *Perry*, 314 F.Supp. 2d at 1293. The Section 5 preclearance requirement has been met by virtue of the June 12, 2012 preclearance letter from the DOJ. **See Complaint EXHIBIT D**. But here the Defendants are seeking to undo

preclearance by ignoring the Attorney General's ruling.  That effort to "change the law" itself constitutes a violation of Section 5 since no changing can be implemented absent preclearance.

The Court is directed to _Smith/Perry v. Cobb County Board of Elections_, 314 F.Supp.2d 1274 (N.D. Ga. 2002) for an extensive order dealing with the law applicable to malapportionment and a federal court's obligation to cure same.

In addition, the Court is directed to the very recent order by United States District Judge Steve Jones sitting in the Northern District of Georgia in the malapportionment case of _Jonathon Crumly, Sr., et al. v. Cobb County Board of Elections, et al._; Civil Action No. 1:12-CV-D1301-SCJ (N.D. Ga. Order of May 9, 2012).

Respectfully submitted this 26th day of June, 2012.

/s/ A. Lee Parks
A. Lee Parks
Georgia Bar No. 563750
lparks@pcwlawfirm.com
David F. Walbert
Georgia Bar No. 730450
dwalbert@pcwlawfirm.com

**PARKS, CHESIN & WALBERT, P.C.**
75 Fourteenth Street, 26th Floor
Atlanta, GA  30309
(404) 873-8000 Telephone
(404) 873-8050 Facsimile

**Counsel for Plaintiffs**

/s/ Charles E. Cox, Jr.
Charles E. Cox, Jr.
Georgia Bar No. 192305
charles@cecoxjr.com

**CHARLES E. COX, JR.**
3464 Vineville Avenue
Macon, GA 31204
(478) 757-2990 Telephone
(478) 757-2991 Facsimile
**Counsel for Plaintiffs**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| LESTER MILLER, GARY BECHTEL, and BRENDA SUTTON, <br><br> Plaintiffs, <br><br> v. <br><br> BIBB COUNTY SCHOOL DISTRICT; MACON-BIBB COUNTY BOARD OF ELECTIONS AND VOTER REGISTRATION; and ELAINE CARR, in her official capacity as Executive Director of the Bibb County Board of Elections and Voter Registration, <br><br> Defendants. | CIVIL ACTION FILE NO.: _____ |

**CERTIFICATE OF SERVICE**

I certify that the foregoing pleading is in written in Times New Roman, 14 point font and that I filed the within and foregoing **PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR INJUNCTIVE RELIEF** with the Court's electronic filing and service system (CM/ECF). I further certify that I have served the within and foregoing **PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR**

**INJUNCTIVE RELIEF** by depositing a copy in the United States mail properly addressed and by electronic mail to the following attorneys:

Virgil L. Adams
ADAMS & JORDAN, P.C.
P. O. Box 928
Macon, GA 31201-0928
Electronic Mail: vadams@adamsjordan.com
Attorney for Macon-Bibb County Board of Elections

Patrick Millsaps
HALL, BOOTH, SMITH & SLOVER, P.C.
2417 Westgate Drive
Albany, GA 31708
Electronic Mail: Patrick@hbss.net
Attorney for Bibb County Board of Education

This 26th day of June, 2012.

/s/ A. Lee Parks
A. Lee Parks
Georgia Bar No. 563750
lparks@pcwlawfirm.com

**PARKS, CHESIN & WALBERT, P.C.**
75 Fourteenth Street, 26th Floor
Atlanta, GA 30309
(404) 873-8000 Telephone
(404) 873-8050 Facsimile
**Counsel for Plaintiffs**