UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| LESTER MILLER, GARY BECHTEL, and BRENDA SUTTON, | : : : | |
| Plaintiffs, | : : | CIVIL ACTION FILE NO.:  5:12-CV-00239-HL |
| v. | : : : | |
| THE BIBB COUNTY SCHOOL DISTRICT; MACON-BIBB COUNTY BOARD OF ELECTIONS AND VOTER REGISTRATION; and ELAINE CARR, in her official capacity as Executive Director of the Bibb County Board of Elections and Voter Registration, | : : : : : : : : : : : | |
| Defendants. | : : | |

**VERIFIED ANSWER OF DEFENDANTS MACON-BIBB COUNTY
BOARD OF ELECTIONS AND VOTER REGISTRATION AND ELAINE
CARR, IN HER OFFICIAL CAPACITY AS ELECTIONS SUPERVISOR
OF THE MACON-BIBB COUNTY BOARD OF ELECTIONS**

COME NOW Defendants Macon-Bibb County Board of Elections

("Elections Board") and Elaine Carr, in her official capacity as Elections

Supervisor of the Macon-Bibb County Board of Elections, and files this their

Verified Answer to Plaintiffs' Complaint showing this Honorable Court as follows:

1.

Defendants Carr and Elections Board admit paragraph 1 of Plaintiffs' Complaint.

2.

Defendants Carr and Elections Board admit paragraph 2 of Plaintiffs' Complaint.

3.

Defendants Carr and Elections Board admit paragraph 3 of Plaintiffs' Complaint.

4.

Defendants Carr and Elections Board admit paragraph 4 of Plaintiffs' Complaint. Further answering, Defendants Carr and Elections Board did not have any knowledge of the preclearance of the new redistricting plan by the United States Department of Justice ("DOJ") until Monday, June 18, 2012, when Defendant Carr was contacted by a local newspaper reporter seeking comment on the DOJ's preclearance of the new redistricting plan.

5.

Defendants Carr and Elections Board are in full support of conducting the Bibb Board of Education ("BOE") general primary elections utilizing the new

redistricting plan as precleared by the DOJ on June 12, 2012; however, Defendants

Carr and Elections Board object to holding the BOE general primary elections on

July 31, 2012 on the basis that such date would not give Defendants Carr and

Elections Board enough time to create a new voter database pursuant to the new

redistricting plan. Defendants Carr and Elections Board request that this Honorable

Court establish a date for the BOE general primary elections that would afford

Defendants Carr and Elections Board sufficient time to ensure that a new voter

database can be created consistent with the BOE's new redistricting plan.

6.

Defendants Carr and Elections Board admit paragraph 6 of Plaintiffs'

Complaint.

7.

Defendants Carr and Elections Board admit paragraph 7 of Plaintiffs'

Complaint.

8.

Defendants Carr and Elections Board admit paragraph 8 of Plaintiffs'

Complaint.

9.

Defendants Carr and Elections Board admit paragraph 9 of Plaintiffs' Complaint.

10.

Defendants Carr and Elections Board admit paragraph 10 of Plaintiffs' Complaint.

11.

Defendants Carr and Elections Board admit paragraph 11 of Plaintiffs' Complaint.

12.

Defendants Carr and Elections Board admit paragraph 12 of Plaintiffs' Complaint.

13.

Defendants Carr and Elections Board admit paragraph 13 of Plaintiffs' Complaint. Further answering, these Defendants show that to qualify for the BOE's general primary elections, the qualifying fees are paid to the respective political parties.

14.

Defendants Carr and Elections Board admit paragraph 14 of Plaintiffs' Complaint.

15.

Defendants Carr and Elections Board admit paragraph 15 of Plaintiffs' Complaint with the caveat that it was never the intent of these Defendants in their official capacities to engage in any wrongful action regarding the use of the previous district plan while awaiting receipt of notification of preclearance of the new redistricting plan by the DOJ.

16.

Defendants Carr and Elections Board admit paragraph 16 of Plaintiffs' Complaint with the caveat that advance voting ends on July 27, 2012.

17.

Defendants Carr and Elections Board admit paragraph 17 of Plaintiffs' Complaint.

18.

Defendants Carr and Elections Board admit paragraph 18 of Plaintiffs' Complaint.

19.

Defendants Carr and Elections Board admit paragraph 19 of Plaintiffs'
Complaint.

20.

Defendants Carr and Elections Board admit paragraph 20 of Plaintiffs'
Complaint.

21.

Defendants Carr and Elections Board admit paragraph 21 of Plaintiffs'
Complaint.

22.

Defendants Carr and Elections Board admit paragraph 22 of Plaintiffs'
Complaint.

23.

Defendants Carr and Elections Board deny paragraph 23 of Plaintiffs'
Complaint as pled. Defendants Carr and Elections Board did not participate in the
submission of the request for preclearance with DOJ and played no role in the
failure to submit to the DOJ the correct map reflecting the new redistricting plan
passed by the General Assembly. The submission of the request for preclearance
was the responsibility of Defendant BOE.

24.

Defendants Carr and Elections Board admit paragraph 24 of Plaintiffs'
Complaint.

25.

Defendants Carr and Elections Board admit paragraph 25 of Plaintiffs'
Complaint.

26.

Defendants Carr and Elections Board deny paragraph 26 of Plaintiffs'
Complaint as pled. Further answering, Defendants Carr and Elections Board in
good faith permitted candidates to qualify using the previous redistricting plan due
to the fact that the new redistricting plan had not been precleared by DOJ as of the
dates set for candidates to qualify.

27.

Defendants Carr and Elections Board admit the first sentence of paragraph
27 of Plaintiffs' Complaint. Further answering, Defendants acknowledge that with
the receipt of preclearance by the DOJ of the new redistricting plan that BOE
general primary elections should be conducted pursuant to said plan; however, it is
not feasible to conduct the BOE's general primary elections under the new
redistricting plan on July 31, 2012.

28.

Defendants Carr and Elections Board admit paragraph 28 of Plaintiffs' Complaint; however, these Defendants are uncertain as to what actions they can take regarding the postponement of the July 31, 2012 general primary elections without an appropriate order of this Court.

29.

Defendants Carr and Elections Board admit paragraph 29 of Plaintiffs' Complaint. Further answering, it was never the intent of these Defendants in their official capacities to engage in any wrongful action regarding the use of the previous district plan while awaiting receipt of notification of preclearance of the new redistricting plan by the DOJ.

30.

Defendants Carr and Elections Board deny paragraph 30 of Plaintiffs' Complaint as pled. Further answering, these Defendants admit that the Court should establish a new date for the holding of the BOE general primary elections utilizing the new redistricting plan that was recently precleared by the DOJ with consideration given to the time it will take for these Defendants to create a new voter database for the conducting of such elections.

31.

Defendants Carr and Elections Board incorporate by this reference

paragraph 1 through 30 of this Answer in response to paragraph 31 of Plaintiffs'

Complaint.

32.

Defendants Carr and Elections Board admit paragraph 32 of Plaintiffs'

Complaint.

33.

Defendants Carr and Elections Board admit paragraph 33 of Plaintiffs'

Complaint.

34.

Defendants Carr and Elections Board admit paragraph 34 of Plaintiffs'

Complaint.

35.

Defendants Carr and Elections Board admit paragraph 35 of Plaintiffs'

Complaint.

36.

Defendants Carr and Elections Board admit paragraph 36 of Plaintiffs'

Complaint.

37.

Defendants Carr and Elections Board admit paragraph 37 of Plaintiffs' Complaint.

38.

Defendants Carr and Elections Board deny paragraph 38 of Plaintiffs' Complaint as pled. Further answering, it was never the intent of these Defendants in their official capacities to engage in any wrongful action regarding the use of the previous district plan while awaiting receipt of notification of preclearance of the new redistricting plan by the DOJ.

39.

Defendants Carr and Elections Board admit paragraph 39 of Plaintiffs' Complaint.

40.

Defendants Carr and Elections Board deny paragraph 40 of Plaintiffs' Complaint. Defendants Carr and Elections Board did not participate in the submission of the request for preclearance with DOJ and played no role in the failure to submit to the DOJ the correct map reflecting the new redistricting plan passed by the General Assembly. The submission of the request for preclearance was the responsibility of Defendant BOE.

41.

Defendants Carr and Elections Board deny paragraph 41 of Plaintiffs'
Complaint.

42.

Defendants Carr and Elections Board deny paragraph 42 of Plaintiffs'
Complaint as pled. Further answering, these Defendants admit that the Court
should establish a new date for the holding of the BOE general primary elections
utilizing the new redistricting plan that was recently precleared by the DOJ with
consideration given to the time it will take for these Defendants to create a new
voter database for the conducting of such elections.

43.

Defendants Carr and Elections Board admit as requested in paragraph 43 of
Plaintiffs' Complaint that this Court should establish a new date for the holding of
the BOE general primary elections utilizing the new redistricting plan that was
recently precleared by the DOJ with consideration given to the time it will take for
these Defendants to create a new voter database for the conducting of such
elections.

44.

Defendants Carr and Elections Board incorporate by this reference paragraph 1 through 43 of this Answer in response to paragraph 44 of Plaintiffs' Complaint.

45.

Defendants Carr and Elections Board admit paragraph 45 of Plaintiffs' Complaint. Further answering, it was never the intent of these Defendants in their official capacities to engage in any wrongful action regarding the use of the previous district plan while awaiting receipt of notification of preclearance of the new redistricting plan by the DOJ.

46.

Defendants Carr and Elections Board admit paragraph 46 of Plaintiffs' Complaint. Further answering, it was never the intent of these Defendants in their official capacities to engage in any wrongful action regarding the use of the previous district plan while awaiting receipt of notification of preclearance of the new redistricting plan by the DOJ.

47.

Defendants Carr and Elections Board incorporate by this reference
paragraph 1 through 46 of this Answer in response to paragraph 47 of Plaintiffs'
Complaint.

48.

Defendants Carr and Elections Board admit paragraph 48 of Plaintiffs'
Complaint. Further answering, this Court should establish a new date for the
holding of the BOE general primary elections utilizing the new redistricting plan
that was recently precleared by the DOJ with consideration given to the time it will
take for these Defendants to create a new voter database for the conducting of such
elections.

49.

Defendants Carr and Elections Board admit paragraph 49 of Plaintiffs'
Complaint.

50.

Defendants Carr and Elections Board admit that the new redistricting plan
precleared by the DOJ should be utilized in the BOE general primary elections.
This Court should establish a new date for the holding of the BOE general primary
elections utilizing the new redistricting plan that was recently precleared by the

DOJ with consideration given to the time it will take for these Defendants to create a new voter database for the conducting of such elections.

WHEREFORE, Defendants Carr and Elections Board pray that:

(a) This Court find no fault on behalf of these Defendants with respect to their use of the previous district plan pending receipt of preclearance of the new redistricting plan by DOJ which was unofficially made known to these Defendants on June 18, 2012;

(b) This Court establish a new date for the holding of the BOE general primary elections utilizing the new redistricting plan that was recently precleared by the DOJ with consideration given to the time it will take for these Defendants to create a new voter database for the conducting of such elections;

(c) This Court deny any award to Plaintiffs of costs and attorney's fees against these Defendants; and

(d) This Court grant these Defendants such other relief which this Court deems equitable, just and proper.

This 28th day of June, 2012.


/S/ VIRGIL L. ADAMS
VIRGIL L. ADAMS
Georgia Bar No. 004625


/S/ D. JAMES JORDAN
D. JAMES JORDAN
Georgia Bar No. 404465

ADAMS & JORDAN, PC
P.O. Box 928
Macon, Georgia 31202
478-743-2159
*Counsel for Elaine Carr and the Macon-Bibb*
*County Board of Elections*

## VERIFICATION

I, Elaine Carr, in my official capacity as Elections Supervisor of the Macon-Bibb County Elections Board, make this verification under oath and state that I, along with the Macon-Bibb County Elections Board, are Defendants in this matter; that I have read the foregoing Verified Answer and that I hereby verify that the allegations of fact contained in said Answer are true and correct to the best of my knowledge, information and belief.

This 28th day of June, 2012.

_Elaine Carr_
ELAINE CARR

Sworn to and subscribed before me
this 28th day of June, 2012.

_Anne Bartle Pratt_
Notary Public
My commission expires on: My Commission Expires April 4, 2014

**CERTIFICATE OF SERVICE**

This is to certify that the undersigned has this day served all parties in this case in accordance with the Notice of Electronic Filing ("NEF"), which was generated as result of electronic filing in this Court.

This 28th day of June, 2012.

/S/ VIRGIL L. ADAMS
VIRGIL L. ADAMS
Georgia Bar No. 004625

ADAMS & JORDAN, PC
P.O. Box 928
Macon, Georgia 31202
*Counsel for Elaine Carr and Macon-Bibb*
*County Board of Elections*