UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| LESTER MILLER, GARY BECHTEL, and BRENDA SUTTON, <br><br> Plaintiffs, <br><br> v. <br><br> THE BIBB COUNTY SCHOOL DISTRICT; MACON-BIBB COUNTY BOARD OF ELECTIONS AND VOTER REGISTRATION; and ELAINE CARR, in her official capacity as Executive Director of the Bibb County Board of Elections and Voter Registration, <br><br> Defendants. | CIVIL ACTION FILE <br> NO.:  5:12-CV-00239-HL |

## **ORDER**

The complaint in this action was filed on June 26, 2012.  Plaintiffs allege that the districts for Bibb County School Board elections presently being used by Defendants became unconstitutionally malapportioned in light of the 2010 census. Those previous districts were superseded by legislation enacted at the 2012 session of the Georgia General Assembly, H.B. 963, but Defendants have been utilizing the old districts in connection with the current election and candidate qualifying.

At the court's direction, the parties entered into stipulations regarding the essential facts at issue, and those stipulated facts are incorporated into this order. Together with their complaint, Plaintiffs filed a motion seeking injunctive and other relief regarding the conduct of elections for the School Board. Among other things, Plaintiffs seek an immediate order enjoining Defendants from any further use of the old districts for Bibb County School Board elections, and requiring that Defendants take such actions as are necessary to ensure that elections be conducted pursuant to the districts established by H.B. 963, including candidate re-qualifying as necessary.

Elections for the Board of Education (BOE) use six voting districts which divide Bibb County into six geographic districts that, together, comprise the entire County. Two additional members are elected at-large by all the County's voters. The general primary election for the Board of Education is scheduled for July 31, 2012, with the last date for registration being July 2, 2012. Advance voting is to start July 9 and end on July 27. One day Saturday voting is scheduled to occur on July 21, 2012. A runoff primary election date is set for August 21, 2012, if necessary, for any federal, state or local offices.

Candidate qualification occurred for six of the eight BOE seats on May 23-25, 2012. For the purposes of such candidate qualifying, Defendants used the

geographic boundaries of the voting districts that were in place prior to the 2012 session of the General Assembly.

There have been material population shifts over the past decade within the six BOE districts, as evidenced by the 2010 census. The total population for the six pre-2012 School Board districts are as follows, according to the 2010 census:

| District | Population | Deviation | Deviation % |
|---|---|---|---|
| 1 | 23,686 | -2,238 | -8.63% |
| 2 | 22,387 | -3,537 | -13.64% |
| 3 | 27,523 | 1,599 | 6.17% |
| 4 | 29,461 | 3,537 | 13.64% |
| 5 | 25,091 | -833 | -3.21% |
| 6 | 27,399 | 1,475 | 5.69% |

The total population of Bibb County is 155,547, making the ideal population for any one of the six district's 25,924 – *i.e.*, one-sixth of the total County population. The deviations set forth above for the six old districts reflect the percentage deviation from the ideal for each district. The total deviation – *i.e.,* the total range from the largest to smallest district – is 27.28%.

The shifts in populations following the 2010 census required redistricting of the BOE districts so that they would comply with the one-person/one-vote requirement of the Fourteenth Amendment. The School District sought to

redistrict the BOE Districts during the 2012 session of the General Assembly. As a result, the six BOE districts were reapportioned by enactment of H.B. 963 at the 2012 session of the General Assembly. The School District sought preclearance of H.B. 963 under Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c, and it was precleared by the DOJ on June 12, 2012.

It is apparent from the undisputed facts that Plaintiffs are entitled to the relief they seek. The districts at issue are substantially malapportioned with a total deviation of 27.28%, which is greater than the 10% maximum deviation generally considered to be the upper limit imposed by the Fourteenth Amendment for state and local redistricting. *See, e.g.*, *Voinovich v. Quilter*, 506 U.S. 146, 161 (1993); *Brown v. Thomson*, 462 U.S. 835, 842 (1983); *Larios v. Cox*, 300 F.Supp.2d 1320 (N.D.Ga), *aff'd*, 542 U.S. 947 (2004).

The defendant election officials have represented to the court that they will need some time in order to reconfigure voting lists and perform other administrative tasks to ensure that voters for School Board elections are correctly placed in the new districts. The Board of Elections customarily utilizes the services of the Center for Elections Systems at Kennesaw State University to construct the databases it uses in the election process based on applicable district lines, and the Board of Elections intends to utilize the Center's services to comply

with this court's order.  The Board of Elections has been advised by personnel at the Center that the election databases can be constructed if the primary election now scheduled for the Board of Education on July 31, 2012 is delayed a relatively brief time.  Specifically, the Center has committed to constructing and delivering the necessary election databases by August 9, 2012.  The court concludes that the most practicable and least disruptive remedy for the claims asserted by Plaintiffs is to require that the general primary election for School Board be conducted on August 21, 2012, the date now set for primary run-off elections.

In the event a run-off primary election is required for School Board, which does not now appear to be likely, such run-off primary election will be conducted in such district(s) on September 18, 2012, that being the date now set for a special election under Georgia law should one occur.

A total of 10 persons qualified to run in either the Democratic or Republican primary for the six Board of Education districts using the old districts.  Based on the stipulated facts, it appears that only one of the persons who qualified for either the Democratic or Republican primary for a Bibb County Board of Education seat will have her district changed under the new district lines enacted by H.B. 963.  While qualifying will need to be reopened briefly to allow other persons who might wish to run under the district lines established by H.B. 963, the current list

of candidates indicates that there will likely be no primary run-off election for any of the School Board seats because there is no district primary election in which there are, presently, more than two candidates.

All candidates who have qualified for election to a seat on the Bibb County School Board whose district number does not change as a result of switching to the H.B. 963 lines, shall be considered to be duly qualified in the district so modified by H.B. 963, to the extent that their qualification otherwise complies with the requirements of Georgia law. The one candidate whose district changes by virtue of the changes caused by H.B. 963, Ms. Angel Davis-Hopper, will be required to requalify for District 2, in which she will now reside. If Ms. Davis-Hopper chooses to requalify, she will not be required to pay an additional qualifying fee.

Two days of supplemental qualifying will be conducted by the Elections Board beginning Monday July 9, 2012 at 9:00 a.m. and ending Tuesday July 10, 2012 at 5:00 p.m.

This court will retain jurisdiction of this matter to enter such other and further relief as may become necessary and appropriate in connection with the conduct of the School Board elections that are affected by the court's order. The parties are directed to confer and, to the extent necessary, promptly present to the court a proposed order that will address such administrative matters as may be

affected by the changing of the date of the primary election for Bibb County School Board.

It is hereby ORDERED, ADJUDGED AND DECREED that Defendants are hereby enjoined from using the pre-H.B. 963 election districts for School Board in connection with the 2012 primary or general elections, and Defendants and all persons in active concert with them are hereby ORDERED to take all steps that may be necessary to ensure that the terms of this order are fully carried out; and it is further

ORDERED that voter registration shall end as currently scheduled on July 2, 2012, for the rescheduled primary election, and any run-off primary, required by this order; and it is further

ORDERED that those persons who vote in a partisan primary on July 31, 2012 shall be permitted to vote only in the same rescheduled partisan primary for School Board elections held pursuant to the court's order; and it is further

ORDERED that any person who has qualified as a candidate for a seat on the School Board may withdraw his or her candidacy by giving written notice to that effect to Defendant Carr and to the appropriate political party officials, on or before Thursday, July 5, 2012 at 12:00 noon, and such person(s) shall be entitled to a refund of their qualifying fee; and it is further

ORDERED that Defendants shall take reasonable steps to ensure that the terms of this order, including in particular the supplemental qualifying period, are given extensive coverage in the media in Bibb County.  The Defendants shall further post a copy of this order on their website and post it physically in their main offices and any satellite offices they maintain in Bibb County.  Defendants shall also notify those persons who have qualified as candidates for the Bibb County Board of Education of this order and provide them with a copy of the order by email or regular mail.  In addition, Defendants shall immediately advise Ms. Davis-Hopper of this order by telephone.

SO ORDERED this 29th day of June, 2012.

*/s/ Hugh Lawson*
HONORABLE HUGH LAWSON
UNITED STATES DISTRICT JUDGE

**PRESENTED ON BEHALF OF PLAINTIFFS**:

David F. Walbert
Georgia Bar No. 730450
dwalbert@pcwlawfirm.com

[signatures continue on following page]

/S/ A. Lee Parks
A. Lee Parks
Georgia Bar No. 563750
lparks@pcwlawfirm.com

**PARKS, CHESIN & WALBERT, P.C.**
75 Fourteenth Street, 26th Floor
Atlanta, GA  30309
(404) 873-8000 Telephone
(404) 873-8050 Facsimile

/S/ Charles E. Cox, Jr.
Charles E. Cox, Jr.
Georgia Bar No. 192305
charles@cecoxjr.com

**CHARLES E. COX, JR**.
3464 Vineville Avenue
Macon, GA  31204
(478) 757-2990 Telephone
(478) 757-2991 Facsimile
*Counsel for Plaintiffs*

[signatures continue on following page]

**UNOPPOSED BY**:

/S/ *with permission by dfw*
Virgil L. Adams
Georgia Bar No. 004625
vadams@adamsjordan.com

/S/ *with permission by dfw*
D. James Jordan
Georgia Bar No. 404465
djordan@adamsjordan.com

**ADAMS & JORDAN, P.C.**
P. O. Box 928
Macon, GA  31201-0928
*Counsel for the Macon-Bibb County*
*Board of Elections and Elaine Carr*

/S/ *with permission by dfw*
Patrick Millsaps
Georgia Bar No. 509888
Patrick@hbss.net

**HALL, BOOTH, SMITH & SLOVER, P.C.**
2417 Westgate Drive
Albany, GA  31708
*Attorney for The Bibb County*
*School District*