UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| LESTER MILLER, GARY BECHTEL, AND BRENDA SUTTON,<br><br>Plaintiffs,<br><br>v.<br><br>THE BIBB COUNTY SCHOOL DISTRICT; MACON-BIBB COUNTY BOARD OF ELECTIONS AND VOTER REGISTRATION; and ELAINE CARR, in her official capacity as Executive Director of the Bibb County Board of Elections and Voter Registration,<br><br>Defendants. | Civil Action No.:<br>5:12-cv-239-HL |

## ANSWER AND DEFENSES

COMES NOW the Bibb County School District, Defendant herein, and file this its Answer and Defenses to Plaintiffs' Complaint as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim against the Bibb County School District ("BCSD") upon which relief can be granted and, therefore, Plaintiffs' claims against BCSD should be dismissed.

## SECOND AFFIRMATIVE DEFENSE

There has been insufficient process and/or service of process.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs have failed to identify any act or omission of the BCSD (or any BCSD officer or agent of the BCSD) from which relief is sought. Plaintiffs have also failed to allege any basis for the BCSD's authority to take any action with respect to the requested relief.

### FOURTH AFFIRMATIVE DEFENSE

The BCSD is or may be entitled to sovereign immunity.

### FIFTH AFFIRMATIVE DEFENSE

BCSD officials are or may be entitled to sovereign and/or qualified immunity.

### SIXTH AFFIRMATIVE DEFENSE

Any alleged injury suffered by Plaintiffs due to the alleged actions of the BCSD were not directly and/or proximately caused by the actions of the BCSD.

### SEVENTH AFFIRMATIVE DEFENSE

Responding to the numbered paragraphs of Plaintiffs' Complaint, the BCSD states as follows:

1.

The BCSD admits that Plaintiffs have brought this action to challenge the constitutionality of the voting districts from which members of the Board of Public Education for Bibb County ("BOE") are elected, herein after referred to as the

"BOE Districts." The BCSD denies any allegation, express or implied, that it made any decision about which BOE Districts to use or that it has any authority to do so.

2.

Paragraph 2 is premised upon legal conclusions to which no response is required. Subject to the foregoing, the BCSD denies any allegation, express or implied, that it made any decision about the BOE Districts to be used by the Macon-Bibb Board of Elections ("Elections Board") and; therefore, denies the allegation that its acts or omissions were unconstitutional.

3.

Paragraph 3 is premised upon legal conclusions to which no response is required. Subject to the foregoing, the BCSD denies any the allegation that it is "attempting to implement" any BOE Districts. In further response, the BCSD shows that it plays only a nominal role in the implementation of redistricting legislation. The BCSD's sole responsibility is to act as the "submitting authority" for purposes of making the requisite preclearance submission under Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c et seq. The BCSD, by and through counsel, submitted H.B. 963 for preclearance to the U.S. Department of Justice ("DOJ") on April 17, 2012. Prior to the receipt of preclearance, candidate qualification occurred for six of the eight BOE offices between May 23, 2012, and

May 25, 2012. The DOJ precleared H.B. 963 on June 12, 2012, within 60 days of the initial submission by the BCSD.

4.

The BCSD admits paragraph 4 of Plaintiffs' Complaint.

5.

The BCSD admits that paragraph 5 is an accurate summation of the relief being sought by Plaintiffs. In further response, the BCSD shows that it has no statutory or constitutional authority to grant Plaintiffs such relief. Plaintiffs alleged injuries are redressable only by the Elections Board to which the General Assembly has conferred "jurisdiction over the registration of voters and the conduct of primaries and elections for the County of Bibb and the City of Macon...." Ga. L. 1969, p. 3332.

6.

The BCSD admits that paragraph 6 is an accurate statement of the action brought by Plaintiffs. In further response, the BCSD denies that it is liable to Plaintiffs as alleged or otherwise.

7.

The BCSD admits paragraph 7 of the Plaintiffs' Complaint.

8.

The BCSD can neither admit nor deny paragraph 8 for lack of information or knowledge sufficient to form a belief as to the truth thereof and; therefore, paragraph 8 stands denied.

9.

The BCSD can neither admit nor deny paragraph 9 for lack of information or knowledge sufficient to form a belief as to the truth thereof and; therefore, paragraph 9 stands denied.

10.

The BCSD can neither admit nor deny paragraph 10 for lack of information or knowledge sufficient to form a belief as to the truth thereof and; therefore, paragraph 10 stands denied.

11.

The BCSD can neither admit nor deny paragraph 11 for lack of information or knowledge sufficient to form a belief as to the truth thereof and; therefore, paragraph 11 stands denied.

12.

The BCSD admits paragraph 12 of Plaintiffs' Complaint.

13.

The BCSD admits paragraph 13 of Plaintiffs' Complaint.

14.

Responding to paragraph 14, the BCSD admits that it is a body corporate having its principal place of business in Bibb County, Georgia, and that the BOE is the governing authority of the BCSD. Except as stated, paragraph 14 is denied.

15.

The BCSD can neither admit nor deny paragraph 15 for lack of information or knowledge sufficient to form a belief as to the truth thereof and; therefore, paragraph 15 stands denied.

16.

The BCSD admits paragraph 16 of Plaintiffs' Complaint.

17.

The BCSD admits paragraph 17 of Plaintiffs' Complaint.

18.

The BCSD admits paragraph 18 of Plaintiffs' Complaint.

19.

The BCSD admits paragraph 19 of Plaintiff's Complaint.

20.

The BCSD admits that the BOE passed a Resolution approving a recommended redistricting plan, which was submitted to members of the Georgia

General Assembly for consideration. Except as stated, the factual allegations contained in paragraph 20 are denied.

21.

The BCSD can neither admit nor deny paragraph 21 for lack of information or knowledge sufficient to form a belief as to the truth thereof and; therefore, paragraph 21 stands denied.

22.

The BCSD can neither admit nor deny paragraph 22 for lack of information or knowledge sufficient to form a belief as to the truth thereof and; therefore, paragraph 22 stands denied.

23.

Responding to paragraph 23, the BCSD admits that, on April 30, 2012, it supplemented its April 17, 2012, preclearance submission to the DOJ. This supplement was necessary due to a lack of knowledge at the time of the April 17th submission about differences between the BOE Districts contained in H.B. 963 and those contained in the BOE's proposed redistricting plan. Except as stated, paragraph 23 is denied. In further response, the BCSD denies any allegation, express or implied, that H.B 963 was not precleared prior to May 23, 2012, due to the filing of a supplement.

24.

Responding to paragraph 24, the BCSD admits that, on April 30, 2012, it supplemented its preclearance submission to the DOJ. The supplement was necessary due to a lack of knowledge at the time of the preclearance submission about differences between the BOE Districts contained in H.B. 963 and those contained in the BOE's proposed redistricting plan. Except as stated, paragraph 24 is denied. In further response, the BCSD denies any allegation, express or implied, that H.B 963 was not precleared prior to May 23, 2012, due to the filing of a supplement.

25.

The BCSD admits paragraph 25 of Plaintiffs' Complaint.

26.

The BCSD admits that qualifying for the BOE was held between May 23, 2012, and May 25, 2012. Except as stated, the BCSD can neither admit nor deny paragraph 26 for lack of information or knowledge sufficient to form a belief as to the truth thereof and; therefore, paragraph 26 stands denied.

27.

The BCSD admits that primary elections are scheduled for July 31, 2012. The remaining allegations in paragraph 27 are premised upon legal conclusions to

which no response is required. To the extent a response is deemed necessary, such allegations are denied.

28.

Paragraph 28 contains allegations premised upon legal conclusions to which no response is required. Subject to the foregoing, the BCSD can neither admit nor deny paragraph 28 for lack of information or knowledge sufficient to form a belief as to the truth thereof and; therefore, paragraph 28 stands denied.

29.

Paragraph 29 contains allegations premised upon legal conclusions to which no response is required. Subject to the foregoing, the BCSD can neither admit nor deny paragraph 29 for lack of information or knowledge sufficient to form a belief as to the truth thereof and; therefore, paragraph 29 stands denied.

30.

Paragraph 30 contains allegations premised upon legal conclusions to which no response is required. Subject to the foregoing, BCSD can neither admit nor deny paragraph 30 for lack of information or knowledge sufficient to form a belief as to the truth thereof and; therefore, paragraph 30 stands denied.

31.

The BCSD incorporates by reference all above enumerated responses and affirmative defenses of this Answer in response to paragraph 31 of Plaintiffs' Complaint.

32.

Paragraph 32 is a statement of law to which no response is required.

33.

Paragraph 33 is a statement of law to which no response is required.

34.

Paragraph 34 is a statement of law to which no response is required.

35.

Paragraph 35 is a statement of law to which no response is required.

36.

Paragraph 36 is a statement of law to which no response is required.

37.

The BCSD can neither admit nor deny paragraph 37 for lack of information or knowledge sufficient to form a belief as to the truth thereof and; therefore, paragraph 37 is denied.

38.

Paragraph 38 contains allegations premised upon legal conclusions to which no response is required. To the extent a response is deemed necessary, paragraph 38 is denied. In further response, the BCSD denies that it is liable to Plaintiffs as alleged or otherwise.

39.

Paragraph 39 contains allegations premised upon legal conclusions to which no response is required.

40.

BCSD can neither admit nor deny those allegations contained in paragraph 40 that relate to the acts or omissions of Defendants Carr and the Elections Board for lack of information or knowledge sufficient to form a belief as to the truth thereof and; therefore, those allegations stand denied. In further response, the BCSD expressly denies that any alleged deprivation of Plaintiffs' rights are the direct result of any action or omission of the BCSD and further denies that the BCSD failed to timely submit H.B. 963 for preclearance.

41.

Paragraph 41 is denied.

42.

Paragraph 42 contains allegations premised upon legal conclusions to which no response is required.

43.

Paragraph 43 contains allegations premised upon legal conclusions to which no response is required.

44.

The BCSD incorporates by reference all above enumerated responses and affirmative defenses of this Answer in response to paragraph 44 of Plaintiffs' Complaint.

45.

Paragraph 45 contains allegations premised upon legal conclusions to which no response is required.

46.

Paragraph 45 contains allegations premised upon legal conclusions to which no response is required.

47.

The BCSD incorporates by reference all above enumerated responses and affirmative defenses of this Answer in response to paragraph 47 of Plaintiffs' Complaint.

48.

Paragraph 48 contains allegations premised upon legal conclusions to which no response is required.

49.

Paragraph 49 contains allegations premised upon legal conclusions to which no response is required.

50.

BCSD can neither admit nor deny those allegations contained in paragraph 50 for lack of information or knowledge sufficient to form a belief as to the truth thereof and; therefore, those allegations stand denied.

Respectfully submitted this 2nd day of July, 2012.

**HALL BOOTH SMITH & SLOVER, P.C.**

*/s/ Patrick N. Millsaps*
Patrick N. Millsaps
Georgia Bar No. 509888

CAMILLA
Post Office Box 856
Two West Broad Street
Camilla, Georgia 31730
pmillsaps@hbss.net

/s/ *Andrea L. Jolliffe*
Andrea L. Jolliffe
Georgia Bar No. 176556
*Attorneys for Defendant*
*Bibb County School District*

ATHENS
440 College Avenue, North
Suite 120
Athens, Georgia 30601
ajolliffe@hbss.net

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| LESTER MILLER, GARY BECHTEL, AND BRENDA SUTTON,<br><br>Plaintiffs,<br><br>v.<br><br>THE BIBB COUNTY SCHOOL DISTRICT; MACON-BIBB COUNTY BOARD OF ELECTIONS AND VOTER REGISTRATION; and ELAINE CARR, in her official capacity as Executive Director of the Bibb County Board of Elections and Voter Registration,<br><br>Defendants. | Civil Action No.:<br>5:12-cv-239-HL |

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of July, 2012, I electronically filed the foregoing Answer to Plaintiffs' Complaint with the Clerk of the Court using the CM\ECF system which will send e-mail notification of such filing to the following:

A. Lee Parks & David F. Walbert
PARKS, CHESIN &
WALBERT, P.C.
75 Fourteenth St., 26th Floor
Atlanta, GA 30309

Charles E. Cox, Jr.
3464 Vineville Avenue
Macon, GA 31202

HALL BOOTH SMITH & SLOVER, P.C.

/s/ Patrick N. Millsaps
Patrick N. Millsaps
Georgia Bar No. 509888
*Attorneys for Defendant*
*Bibb County School District*

CAMILLA
Post Office Box 856
Two West Broad Street
Camilla, Georgia 31730
pmillsaps@hbss.net