UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| LESTER MILLER, GARY BECHTEL, and BRENDA SUTTON, | : : : | |
| Plaintiffs, | : : | CIVIL ACTION FILE NO.: 5:12-CV-00239-HL |
| v. | : : | |
| THE BIBB COUNTY SCHOOL DISTRICT; MACON-BIBB COUNTY BOARD OF ELECTIONS AND VOTER REGISTRATION; and ELAINE CARR, in her official capacity as Executive Director of the Bibb County Board of Elections and Voter Registration, | : : : : : : : : | |
| Defendants. | : | |

**DEFENDANTS MACON-BIBB COUNTY BOARD OF ELECTIONS AND VOTER REGISTRATION AND ELAINE CARR'S RESPONSE IN OPPOSITION TO DEFENDANT BIBB COUNTY SCHOOL DISTRICT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

COME NOW Macon-Bibb County Board of Elections and Voter Registration (herein referred to "Board of Elections") and Elaine Carr (herein collectively referred to as "County Defendants") and file this Response in Opposition to Defendant Bibb County School District's (herein referred to as "District") Motion to Dismiss or, in the Alternative, Motion for Summary Judgment.

# I. INTRODUCTION AND RESPONSE TO DEFENDANT DISTRICT'S STATEMENT OF FACTS NOT IN DISPUTE

For purposes of brevity and to avoid being redundant, County Defendants hereby adopt by this reference the "Plaintiffs' Response to Defendant Bibb County School District's Statement of Material Facts Not in Dispute."

# II. ARGUMENT AND CITATION TO AUTHORITY[1]

**A. The District's Motion Fails Because its Arguments are Moot.**

The District argues that it is entitled to dismissal of Plaintiffs' Complaint or, in the alternative, judgment as a matter of law as to all claims for the reason, among others, that it does not possess the legal authority to afford Plaintiffs the relief they request---the reopening of qualifying, the establishment of new primary election dates for the Board of Education election (herein referred to as "BOE") and the implementation of the new, precleared redistricting plan. (District's Motion to Dismiss, p. 7). The District argues that it lacks authority over the conduct of primary and general elections in Bibb County and does not play a role in the process of qualifying candidates and therefore, cannot offer relief to

---

[1] For purposes of brevity and to avoid being redundant, County Defendants hereby adopt by this reference the "Plaintiffs' Brief in Opposition to Bibb County School District's Motion to Dismiss or for Summary Judgment."

Plaintiffs. (District's Motion to Dismiss, pp. 1, 4-5). However, the arguments offered by the District are moot.

An argument is moot "when it no longer presents a live controversy with respect to which the court can give meaningful relief." Ottati v. Dept. of Homeland Security, 2008 WL 619341 (M.D. Ga. 2008) (quoting Fl. Ass'n of Rehab. Facilities, Inc. v. Fl. Dept. of Health and Rehab. Servs., 225 F.3d 1208, 1216-17 (11th Cir. 2000)). When the issues presented in an argument are no longer 'live' or when the outcome of the argument is no longer in controversy and has been resolved, the court will dismiss such arguments as moot. Id. This is the case with the District's arguments. The arguments asserted by the District in its Motion are about a controversy that is no longer "live."

The District participated in bringing relief to Plaintiffs by agreeing to a Consent Order on July 16, 2012. (Attached as Exhibit A). The Consent Order purported to resolve all issues in the case, with the exception of the issue of attorney's fees, by reopening qualifying and establishing a new primary election date for the BOE election. As a result of the Consent Order, the Board of Elections carried out the new election on August 21, 2012 and used the new redistricting map. Therefore, the District's arguments for why it is not a proper defendant to grant relief are now moot as the only issue left to be determined in this case is the amount of attorney's fees to be awarded to Plaintiffs.

Relief that the Plaintiffs were requesting was granted to them by consent of all Defendants and therefore, the issue of who can or cannot offer such relief is moot. The District should have raised these arguments, although without merit, prior to participating in negotiations with the other parties and consenting to the Order entered by this Court. The only issue left in the case is the Plaintiffs' right to attorney's fees and the District offers no arguments as to why they should not be held liable for the payment of such fees. With all other relief sought by Plaintiffs having been consented to by the Defendants, the arguments being asserted by the District in its Motion are now moot.

**B. The District's Motion Fails Because the District Admitted it Was a Proper Defendant By Voluntarily Entering Into the Consent Order With All Other Parties.**

The District argues that it is not a proper defendant in this case and moves to have all claims against it dismissed. Its Motion must fail because the District admitted its involvement as a defendant in this case when it agreed to and executed the July 16, 2012 Consent Order. A consent order "carries the final weight of a court judgment." Farrar v. Handel, 2009 WL 4041895, at *3 (N.D. Ga. 2009). They are binding decrees, have a binding effect, and hold the parties of a case to the agreements made within. Id. Furthermore, consent orders are not unilaterally entered into. U.S. v. Ownbey Enterprises, Inc., 789 F.Supp. 1145, 1149-1150 (N.D.

4

Ga. 1992). Each party to a consent order is involved in the negotiation process of its terms, participates in its drafting, and willingly and knowingly signs, acknowledging consent. Id. By entering into this process, a defendant expressly waives its right to "litigate the issues involved in the case and thus save themselves the time, expense, and inevitable risk of litigation." Id. at 1150.

On July 16, 2012, the District willingly entered into the Consent Order with all other parties to fully resolve the merits of this case. By doing so, the District became bound to the case as a defendant. The District was not forced to enter into negotiations and had no obligation to consent to the Order entered in this case if it did not believe it was a proper party to the matter. The District signed the Consent Order without objection and cannot now come forward to argue that it is not a proper defendant. The District has a strong involvement in the present litigation.

Furthermore, a significant purpose for executing a consent order is to save the parties time and money that would be expended on further litigation of the issues. The District is now doing the opposite of this by taking a matter that was primarily handled outside of the courtroom and forcing it back into the litigation process after the fact. By entering into the Consent Order, the District waived further litigation of the addressed issues. Therefore, with all due respect, the filing of a Motion to Dismiss or Motion for Summary Judgment at this stage of the

litigation is illogical because the District is contesting its involvement in the resolution of issues it previously consented to.

## C. Argument A of the District's Motion Fails Because the District Had Authority to Make Decisions Regarding the BOE Election and Chose to Use the Malapportioned District Maps.

Notwithstanding the previous arguments of this Response, the first argument of the District's Motion is without merit. The District argues that it "played no role in the alleged deprivation." (District's Motion to Dismiss, p. 4). The District further alleges that it had no authority to determine which election districts to use in the BOE qualifying and election process. (District's Motion to Dismiss, p. 5). These arguments fail because the District failed to obtain preclearance of the new district maps in a timely manner. Further, the District had authority to make decisions regarding the BOE elections and, through communications with Board of Elections members, chose to go forward with the malapportioned district maps.

First, the District certainly played a role in the deprivation of Plaintiffs' rights because of its failure to timely obtain Section 5 preclearance of the new districts under the Voting Rights Act. 42 U.S.C. § 1973c. Section 5 requires that any change affecting voting be submitted to and precleared by the Attorney General. Id. The District argues that it is not responsible for the late preclearance of the new maps, but the District initially submitted the wrong redistricting map to

6

the Department of Justice. (Compl.,¶ 22). The District mistakenly sent a previous proposal for approval instead of the final maps ("H.B. 963") and the error was not resolved until April 30, 2012. (Compl.,¶ 23). The District was well aware that the new maps had to be precleared prior to the BOE election. It also knew that preclearance was a time sensitive matter as the qualifying period was approaching. Ultimately, the District could have submitted H.B. 963 properly and in a timely manner after it was passed by both Chambers of the Georgia Legislature on March 29, 2012. Instead, it was a mistake on behalf of the District that contributed to the late preclearance and the decision to proceed under the malapportioned maps.

Second, the District has authority to make decisions regarding the BOE elections. In fact, when H.B. 963 had not yet obtained preclearance, the District played a significant role in making the final decision to use the "old" redistricting maps for the qualifying period beginning May 23, 2012. Elaine Carr, the Elections Supervisor for the Board of Elections, states that Board of Elections members made several attempts to confirm with the District which lines it wished to use for the May 23, 2012 qualifying period. (Affidavit of Elaine Carr, ¶¶ 3-6, Attached as Exhibit B). The Board of Elections requested guidance from the District and its legal counsel on whether to use the "old" redistricting maps for the qualifying period or the districts established by H.B. 963 that had not yet been precleared. The communications between the District and the Board of Elections show that the

7

District had the authority to direct the Board of Elections regarding which redistricting maps would be used for qualifying and for the BOE primary election. In the course of these communications, counsel for the District, Mr. Patrick Millsap, informed Elaine Carr "that the BOE would have to use the "'old' district lines." (Affidavit of Elaine Carr, ¶ 5). As a result of this instruction, the Board of Elections used the "old" districting lines for the May 23, 2012 qualifying period.

**D. Argument B of the District's Motion Fails Because it Raises an Issue That Has No Relevancy to This Case in its Present Posture.**

The District's second argument alleges that it satisfied the minimal requirements for maintaining a reasonably current districting scheme prior to the preclearance of H.B. 963. (District's Motion to Dismiss, p. 8). This argument has no present relevancy in this case because this Court has already ruled that the pre-H.B. 963 district plan is unconstitutional and that the "old" BOE districts were substantially malapportioned. Miller v. Bibb Co. School District, 2012 WL 2529440 at *2 (M.D. Ga. 2012). The Defendants were enjoined from using the pre-H.B 963 plan, and therefore, the Court obviously did not believe it was reasonable under the circumstances or within the minimum requirements for maintaining a redistricting plan. Id. Further, these facts were consented to by all parties, including the District.

### III.    **CONCLUSION**

For the foregoing reasons, and based on the authority cited herein, Defendant School District's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment should be DENIED.

/S/ VIRGIL L. ADAMS
VIRGIL L. ADAMS
Georgia Bar No. 004625

/S/ D. JAMES JORDAN
D. JAMES JORDAN
Georgia Bar No. 404465

ADAMS & JORDAN, PC
Fickling & Co. Building
577 Mulberry Street, Suite 1250
P.O. Box 928
Macon, Georgia 31201-0928
(478) 743-2159
*Counsel for the Macon-Bibb County*
*Board of Elections and Elaine Carr*

# **CERTIFICATE OF SERVICE**

This is to certify that the undersigned has this day electronically filed **DEFENDANTS MACON-BIBB COUNTY BOARD OF ELECTIONS AND VOTER REGISTRATION AND ELAINE CARR'S RESPONSE IN OPPOSITION TO DEFENDANT BIBB COUNTY SCHOOL DISTRICT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record:

> David F. Walbert, Esq.
> A. Lee Parks, Esq.
> PARKS, CHESIN & WALBER, P.C.
> 75 Fourteenth Street, 26th Floor
> Atlanta, Georgia  30309
>
> Charles E. Cox, Jr.
> CHARLES E. COX, JR.
> 3464 Vineville Avenue
> Macon, Georgia  31204
> **Counsel for Plaintiffs**
>
> S. Patrick Millsaps, Esq.
> HALL, BOOTHM, SLOVER, SMITH & SLOVER, P.C.
> 2417 Westgate Drive
> Albany, Georgia  31708
> **Counsel for the Bibb County School District**

This 13th day of September, 2012.

/S/ D. JAMES JORDAN
D. JAMES JORDAN